IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRECEK & YOUNG ADVISORS, INC.,

    Plaintiff,

v.                                                              Case No. 09-cv-2516-JAR-GLR

LLOYDS OF LONDON SYNDICATE
2003,

    Defendant.

## **MEMORANDUM AND ORDER**

Pending before the Court is Defendant's Motion to Stay Discovery (doc. 22). Defendant requests that the Court enter an order, pursuant to Fed. R. Civ. P. 26(c), staying discovery until its Motion to Dismiss for Lack of Jurisdiction (doc. 7) is resolved. Defendant argues that it believes it has presented strong grounds that the Court lacks personal jurisdiction over it and has moved to dismiss the case. It argues that its dispositive motion will probably resolve this case and that a stay of discovery pending such resolution will serve the interest of all parties, prevent unreasonable expense, conserve the time and resources of the Court, and promote the efficient administration of the judicial process.

Plaintiff opposes the motion. It argues that the circumstances of this case do not fall within any of the exceptions to the general policy of proceeding with discovery, notwithstanding the pendency of dispositive motions. If Defendant were to prevail on its motion to dismiss, Plaintiff would file in another jurisdiction. Thus the case would proceed. Plaintff argues that discovery will

not be wasteful or burdensome, because it will be necessary in any event to resolve the underlying contractual dispute.

Although it is within the court's discretion to stay discovery pursuant to Rule 26(c) pending the outcome of a dispositive motion, the general policy in this district is not to stay discovery even though dispositive motions are pending.[1] Exceptions to this general policy are "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[2] Another basis for staying discovery is when a defendant asserts an immunity defense in a dispositive motion.[3]

After reviewing the pleadings, the Court determines that Defendant has not sufficiently shown grounds for staying discovery. It has not shown that this case is likely to be finally concluded as a result of the ruling on its motion to dismiss. Nor has Defendant shown that allowing discovery to proceed while the motion is pending would be wasteful and burdensome.

IT IS THEREFORE ORDERED that Defendant's Motion to Stay Discovery (doc. 22) is denied.

Dated in Kansas City, Kansas on this 6th day of April, 2010.

s/ Gerald L. Rushfelt  
Gerald L. Rushfelt  
U.S. Magistrate Judge

---

[1] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[2] *Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)).

[3] *Siegert v. Gilley*, 500 U.S. 226, 232 (1991).