IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BRECEK & YOUNG ADVISORS, INC.,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **THE CBE GROUP, INC.,** ) <br> ) <br> **Defendant.** ) <br> _____ ) | Case No. 09-2516-JAR |

### MEMORANDUM AND ORDER

Plaintiff Brecek & Young Advisors, Inc. ("BYA") filed its Complaint for Declaratory Relief and Damages seeking a judicial declaration concerning defendant Lloyds of London Syndicate 2003's ("Lloyds") contractual obligations under a policy of insurance issued by Lloyds to BYA and seeking damages for alleged breaches of that insurance contract by Lloyds. This matter is before the Court on Lloyd's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 7), pursuant to Fed. R. Civ. P. 12(b)(2). For the reasons explained in detail below, Lloyds' motion is denied.

**I.    Rule 12(b)(2) Standard**

"The burden of establishing personal jurisdiction over the defendant is on the plaintiff."[1] It is well settled that the court may consider affidavits and other written materials in resolving a motion made pursuant to Rule 12(b)(2).[2] When the evidence presented on the motion to dismiss consists of affidavits and other written materials, as is the case here, the plaintiff need only make

---

[1] *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1295 (10th Cir. 2004).

[2] *Id.* at 1295-96.

a prima facie showing of personal jurisdiction.[3] "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant."[4] "In order to defeat a plaintiff's prima facie showing of jurisdiction, a defendant must present a compelling case demonstrating that the presence of some other considerations would render jurisdiction unreasonable."[5] The court "must resolve all factual disputes in favor of the plaintiff."[6]

## II. Background

The following facts are derived from the Complaint, as well as affidavits and other written materials submitted by the parties. All factual disputes are resolved in favor of plaintiff.

BYA seeks to enforce Lloyds' contractual defense and indemnity obligations under a policy of insurance issued by Lloyds to BYA, the so-called "Broker/Dealer and Registered Representatives Professional Liability Insurance Policy (the "Policy"), effective December 1, 2006 to December 1, 2007. The Policy has limits of $2 million for "Each Claim" and in the aggregate, with a $50,000 "Each Claim" retention for Broker/Dealer insureds such as BYA.[7] The Policy provides a duty to defend and indemnify its Insured in civil litigation and arbitration proceedings brought in any state within the United States.[8] As a result, BYA contends that Lloyds was obligated to defend and indemnify BYA in a lawsuit styled *Paul W. and Marie S.*

---

[3]*Id.*

[4]*OMI Holdings, Inc.v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998).

[5]*Id.* (quotation omitted).

[6]*Bell Helicopter Textron*, 385 F.3d at 1295.

[7](Doc. 1, Ex. A.)

[8]*Id.* at 3, 20.

2

*Wahl, et al. v. Brecek & Young Advisors, Inc.*, NASD Case No. 07-0515 filed in May 2007 before the National Association of Securities Dealers, Inc. (the "Wahl Arbitration").

BYA settled the Wahl Arbitration, incurring more than $1,366,000 in defense and indemnity expenses and costs in the process. BYA alleges that Lloyds has wrongfully refused to pay all amounts due for defense and indemnity above the single $50,000 retention applicable to the Wahl arbitration claim, asserting instead that multiple retentions apply to the matter. As a result, BYA filed the present lawsuit.

At issue is the Policy's "Service of Suit" clause, which states as follows:

> If the Insurer fails to pay any amount claimed to be due under this Policy, the Insurer, at the request of any of the insureds, will submit **to the jurisdiction of any court of competent jurisdiction within the United States, and will comply with all requirements necessary to give such court jurisdiction**. Nothing in this Clause constitutes or should be understood to constitute a waiver of the Insurer's right to commence an action in any Court of competent jurisdiction in the United States, to remove an action to a United States District Court, or to seek a transfer of a case to another Court as permitted by the laws of the United States or of any State in the United States.[9]

The Policy also contains a "Choice of Law" clause, which provides:

> The Insurer and the Insureds agree that the laws of the State of New York shall govern all issues pertaining to the meaning, interpretation and effect of this Policy and its terms and provisions, as well as the parties' rights and obligations under this Policy, the Insurer's handling of Claims and all other related matters.[10]

The Policy does not contain a "Choice of Forum" clause.

### III. Discussion

---

[9] *Id*. at 20 (emphasis added).

[10] *Id*.

BYA contends that this case gives rise to personal jurisdiction over Lloyds because of the Service of Suit Clause in the Policy in which defendant agreed to submit to the jurisdiction of "any court of competent jurisdiction within the United States." Lloyds counters that it is a citizen of a foreign nation, with no contacts in Kansas, and that the District of Kansas is not a court of competent jurisdiction because it is required to have both subject matter and personal jurisdiction. The Court disagrees with Lloyds.

Under New York law, expressly applicable to the Policy, it is well-settled that a service of suit clause, as opposed to a mandatory forum selection clause, "generally provides no more than a consent to jurisdiction. It does not bind the parties to litigate in a particular forum, or give the insured the exclusive right to choose a forum unrelated to the dispute."[11] The Service of Suit clause at issue in this case contains language frequently used by Lloyds of London in order "to assure potential policyholders that Lloyds and its underwriters would be amenable to service of process in the United States."[12] As BYA points out, because a party cannot consent to subject matter jurisdiction,[13] it is apparent that the Service of Suit clause reflects consent to be sued in any court of "competent" jurisdiction within the United States where the insurer is not otherwise susceptible to personal jurisdiction.[14] Thus, Lloyds has agreed to accept service of suit in the

---

[11] *Dornoch Ltd. ex rel. Underwriting Members of Lloyd's Synd.1209 v. PBM Holdings, Inc.*, 666 F. Supp. 2d 366, 370 (S.D. N.Y. 2009) (quoting *Brooke Group Ltd. v. JCH Synd. 488*, 663 N.E.2d 635, 638 (N.Y. 1996)).

[12] *Id.*; *see also In re Delta Am. Re Ins. Co.*, 900 F.2d 890, 893 (6th Cir. 1990) (noting that it would be more appropriate to describe a service of suit clause as a "submit to the jurisdiction of a court within the United States clause") (citations and quotations omitted).

[13] *See Ins.Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

[14] As Lloyds acknowledges in its reply, its interpretation of "competent jurisdiction" as requiring a court to have both subject matter and personal jurisdiction would prevent Lloyds from being brought before almost any court in the United States (Doc. 21 at 5).

state chosen by the plaintiff, Kansas, as the title of this provision implies.

Although Lloyds has agreed to submit to personal jurisdiction, that does not mean it is bound to a particular forum.[15] As the Service of Suit clause expressly states, Lloyds does not waive its right to seek a transfer of this case to another Court as permitted by the laws of the Untied States or of any State in the United States. Thus, Lloyds is not foreclosed from claiming BYA's selected forum is inconvenient.[16] Indeed, New York law can be applied by any court in any state. While Lloyds argues in the alternative that because this matter is not related to Kansas, it would be unreasonable to enforce the Service of Suit provision, it does not suggest an alternative forum that would be appropriate or more convenient. Because Lloyds does not move to transfer on *forum non conveniens* grounds, the issue is not before the Court. Accordingly, Lloyds' motion to dismiss for lack of personal jurisdiction is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 7) is DENIED.

---

[15] *See Columbia Cas. Co. v. Bristol-Myers Squibb Co.*, 215 A.D.2d 91, 96 (N.Y.A.D. 1995) (holding "service of suit" clause is "akin to a permissive consent-to-forum clause," and does not bar consideration by the court of a selected forum of a *forum non conveniens* motion) (collecting cases).

[16] *See* 28 U.S.C. § 1404(a).

IT IS SO ORDERED.

Dated: May 14, 2010

                                             S/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            UNITED STATES DISTRICT JUDGE