# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRECEK & YOUNG ADVISORS, INC.,

    Plaintiff,

v.                                              Case No. 09-cv-2516-JAR-GLR

LLOYDS OF LONDON SYNDICATE
2003,

    Defendant.

## MEMORANDUM AND ORDER

Plaintiff Brecek & Young Advisors, Inc. filed this declaratory action to enforce contractual obligations for defense and indemnity under a policy of insurance issued by Defendant Lloyds of London Syndicate 2003. This matter is before the Court on Plaintiff's Motion to Compel Discovery (doc. 42). Pursuant to Federal Rule of Civil Procedure 37, Plaintiff requests that the Court overrule Defendant's relevancy objections and order Defendant to answer its First Interrogatory Nos. 5 and 7, and produce all documents responsive to its First Request for Production Nos. 3 and 4. As set forth below, the Court overrules the objections and grants the motion.

## I.    Relevant Background

Plaintiff served its First Set of Interrogatories to Defendant and First Request for Production of Documents to Defendant on May 25, 2010.[1] Defendant served its Objections to Plaintiff's First Set of Interrogatories and Objections to Plaintiff's First Requests for Production of Documents on

---

[1] *See* Pl.'s Certificate of Service (doc. 34).

June 24, 2010.[2]  After attempting to confer with Defendant to resolve the issue, as required by Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, Plaintiff filed the instant motion.  Defendant then served supplemental responses to Plaintiff's Requests for Production on July 19, 2010.[3]  It supplemented its answers to Plaintiff's Interrogatories on July 20, 2010.[4]

## II. Specific Discovery Requests at Issue

The motion asks the Court to order Defendant to answer its First Interrogatory Nos. 1 through 5, and 7, and produce documents responsive to its First Requests for Production Nos. 1 through 11.  In reply Plaintiff advises that, after it filed its motion, Defendant served supplemental responses to its interrogatories and requests for production, but still asserts its objection to Interrogatory Nos. 5 and 7, and Request Nos. 3 and 4.  Plaintiff asks that the Court overrule the objections and order the discovery within 30 days.  The Court will therefore limits its review to these four discovery requests.

### A. Interrogatory Nos. 5 and 7

Plaintiff's Interrogatory No. 5 asks Defendant to identify individuals with knowledge of the underwriting, issuance, claim handling, existence, or terms and conditions of the Policy.  It also asks Defendant to describe generally the categories of information (e.g., underwriting, issuance, claims handling) of which each such person has or may have knowledge.  Defendant answered the interrogatory as follows:

> [Defendant] objects to this interrogatory in that it is vague, overly broad with respect to scope, and unduly burdensome.  [Defendant] further objects to this interrogatory

---

[2]*See* Def.'s Certificate of Service (doc. 40).

[3]*See* Def.'s Certificate of Service (doc. 47).

[4]*See* Def.'s Certificate of Service (doc. 51).

on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence as is required by Fed. R. Civ. P. 26(b)(1). This is an action for breach of contract and declaratory judgment that can be adjudicated solely on the basis of the language contained in the applicable policy of insurance. As such, the underwriting, issuance, and claim handling of this matter is completely irrelevant. Any information obtained regarding those subjects will also be irrelevant and inadmissible.

Interrogatory No. 7 asks Defendant whether it has "claims manuals and/or written procedures concerning the handling of claims or the interpretation of 'Interrelated Wrongful Acts' as defined by the Policy? If so, state the person or persons who have custody of such manuals or written procedures." Defendant served the following answer to Interrogatory No. 7:

> [Defendant] objects to this interrogatory to the extent that is inquires generally about the "handling of claims" on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence as is required by Fed. R. Civ. P. 26(b)(1). How unrelated or even similar claims are handled has no bearing on the interpretation of the policy language at issue in this matter.

**B.     Request Nos. 3 and 4**

Plaintiff also seeks to compel Defenant to produce documents response to its First Request for Production Nos. 3 and 4. Request No. 3 asks that Defendant produce "Any and all underwriting files and any portions thereof for the Policy." Defendant asserted the following objection:

> [Defendant] objects to this request under Fed. R. Civ. P. 26(b)(1), on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. This is an action for breach of contract and declaratory judgment that can be decided based solely on the language of the policy. The underwriting file has no bearing on the outcome of Plaintiff's claims. Any information from the underwriting file is irrelevant and inadmissible.

Request No. 4 seeks production of "All correspondence, communication, internal notes, memoranda, policy records, and files referencing or relating to the underwriting, evaluations, or issuance of the Policy." Defendant served the following response:

3

> [Defendant] objects to this request under Fed. R. Civ. P. 26(b)(1), on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. The documents requested have absolutely no relation to the subject matter of this lawsuit. [Defendant] further objects to this request to the extent that it seeks to discover material prepared in anticipation of litigation which is protected from discovery under Fed. R. Civ. P. 26(b)(3).

### III. Summary of the Parties' Arguments

Plaintiff argues that Interrogatory Nos. 5 and 7 and Request Nos. 3 and 4 seek information that may aid to interpret the meaning and application of the policy term "Interrelated Wrongful Acts," which is a key term in dispute in this litigation. If the discovery is denied, Plaintiff contends it will suffer prejudice if the policy is ultimately found to be ambiguous. It asserts that the requested discovery is reasonable and tailored to obtain only essential information needed for dispositive motions.

In response, Defendant reasserts its objections of irrelevancy. It argues that the Kansas rules for contract interpretation require that insurance policies be construed according to the four corners of the contract and the ordinary meaning of the included terms. It contends that the determination of insurance coverage is based solely on the language of the policy itself, without extrinsic evidence. It also argues that extrinsic evidence is admissible, if at all, only if a court first determines as a matter of law that the contract is ambiguous and unclear. Defendant suggests that the disputed term "Interrelated Wrongful Acts" is defined by the policy itself. It contends that, without a finding by the Court that the policy is ambiguous, there is no need for extrinsic evidence to interpret the term. It argues that Plaintiff is seeking to use the requested discovery to create an ambiguity and as evidence of the intent of the parties to the contract. Defendant suggests such an effort is impermissible as a matter of law, without an initial ruling that the policy is ambiguous.

4

**IV.     Whether the Discovery Sought is Relevant and Discoverable**

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery. It provides that the parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."[5] Relevancy is broadly construed, and a request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.[6] Furthermore, "the touchstone of the relevancy of documents and information requested is not whether the discovery will result in evidence that is, or even may be, admissible at trial, but rather whether the discovery is 'reasonably calculated to lead to the discovery of admissible evidence.'"[7] "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."[8]

When the discovery sought appears relevant, the party resisting it has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[9] Conversely, when the relevancy of the discovery request is not readily

---

[5] Fed. R. Civ. P. 26(b)(1).

[6] *McBride v. Medicalodges, Inc.,* 250 F.R.D. 581, 586 (D. Kan. 2008).

[7] *Id.* (quoting Fed. R. Civ. P. 26(b)(1)).

[8] Fed. R. Civ. P. 26(b)(1).

[9] *Id.; Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[10] Relevancy determinations are generally made on a case-by-case basis.[11]

In this action, in which the parties dispute how a specific term in a policy of insurance should be interpreted, the Court initially finds that Interrogatory Nos. 5 and 7, and Request Nos. 3 and 4 appear, on their face, to seek information relevant to the claims and defenses. Defendant, consequently, has the burden to show lack of relevance.

Defendant argues that the requested information is not relevant, because under Kansas law construction of the contract is to be adjudicated solely from the language contained in the fours corners of the policy of insurance. It contends that any extrinsic evidence is inadmissible, unless the court first finds the policy ambiguous. It points out that the policy itself defines the term "Interrelated Wrongful Acts." It argues that Plaintiff seeks the discovery simply to create an ambiguity in the policy and as evidence of the intent of the parties to the contract, both of which are impermissible as a matter of law, absent an initial judicial finding that the policy is ambiguous.

The parties brief the motion only upon this very narrow issue of whether the requested discovery is premature without a prior ruling that the disputed policy language is ambiguous. Defendant has provided no authority for that proposition. The Court otherwise finds no such authority. That the insurance policy defines the disputed term does not preclude a finding that the policy could be ambiguous.[12] Some or all of the requested discovery may be inadmissible as

---

[10]*McBride,* 250 F.R.D. at 586.

[11]*Employers Commercial Union Ins. Co. of Am. v. Browning-Ferris Indus. of Kansas City, Inc.*, Civ. A. No. 91-2161-JWL, 1993 WL 210012, at *3 (D. Kan. Apr. 5, 1993).

[12]*See Marshall v. Kansas Med. Mut. Ins. Co.*, 276 Kan. 97, 111, 73 P.3d 120, 130 (2003) (an ambiguity does not exist merely because the parties disagree on the interpretation of the language).

evidence, but the Court cannot make that determination upon this motion. That it may be inadmissible as evidence does not necessarily immunize it from discovery. Under Fed. R. Civ. P. 26(b)(1), the Court need not determine whether the discovery sought will be admissible. It must instead consider whether it "appears reasonably calculated to lead to the discovery of admissible evidence." Plaintiff has advanced a theory that the policy is ambiguous. If the District Judge agrees, the discovery sought by Plaintiff could be relevant in determining the intent of the parties with regard to the insurance policy.[13] Defendant's relevancy objections to Interrogatory Nos. 5 and 7, and Request Nos. 3 and 4 therefore are overruled.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery (doc. 42) is granted, as set forth herein. Within **thirty (30) days of this Memorandum and Order**, Defendant shall serve supplemental answers to Plaintiff's First Interrogatory Nos. 5 and 7, and produce all nonprivileged documents responsive to Plaintiff's First Request for Production No. 3 and 4.

**IT IS FURTHER ORDERED THAT** to the extent any party requests fees related to this motion, the Court finds that an award of fees is not appropriate under the circumstances.

Dated in Kansas City, Kansas on this 27th day of October, 2010

s/ Gerald L. Rushfelt  
Gerald L. Rushfelt  
U.S. Magistrate Judge

---

[13] *See Wise v. Westchester Fire Ins. Co.,* 463 F.2d 386, 390 (10th Cir. 1972) (holding that extrinsic evidence was properly admitted by district court to clarify the intentions of the parties with regard to the insurance policy).