# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRECEK & YOUNG ADVISORS, INC.,

    Plaintiff,

v.                                                            Case No. 09-cv-2516-JAR

LLOYDS OF LONDON SYNDICATE
2003,

    Defendant.

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Compel Discovery (ECF No. 65). Pursuant to Federal Rule of Civil Procedure 37, it asks the Court to overrule Plaintiff's objections and order Plaintiff to produce documents responsive to Defendant's Second Request for Production of Documents No. 2. As set forth below, the Court overrules the objections and grants the motion.

**I.    Relevant Background**

This is an action for declaratory judgment and breach of contract, brought by Plaintiff Brecek & Young Advisors, Inc. to determine and recover insurance benefits from its insurer, Defendant Lloyds of London Syndicate 2003. Their controversy arises from an arbitration proceeding, styled *Paul W. and Marie S. Wahl, et al. v. Brecek & Young Advisors, Inc.*, NASD Case No. 07-0515, filed in May 2007 before the National Association of Securities Dealers, Inc. (the "*Wahl* Arbitration").[1] It involved 26 claimants or groups of claimants, who through the arbitration were found entitled to damages. Under the insurance policy issued to Plaintiff, Defendant has paid the damages, except

---

[1] *See* Pretrial Order (ECF No. 79) § 2.

for a retention of $50,000 applied to each of the 26 claims. Pursuant to the provisions of the insurance policy, Plaintiff contends the 26 claims constitute only one claim as they arise out of "Interrelated Wrongful Acts," as that term is defined by the policy, and that Defendant may therefore invoke only a single retention of $50,000. Defendant contends that the 26 underlying claims are separate and are not interrelated, and therefore each claim is subject to a separate $50,000 retention under the policy.

On July 12, 2010, Defendant served its Second Requests for Production of Documents upon Plaintiff.[2] On August 30, 2010, Plaintiff served its response to the requests.[3] After attempting to confer with Plaintiff, as required by Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, Defendant filed the instant motion on October 28, 2010.

## II. Discovery Sought - Request for Production No. 2

Defendant seeks to compel Plaintiff to produce documents responsive to its Second Request for Production No. 2. It thus asks Plaintiff to produce the following:

> Any and all pleadings, motions, briefs, stipulations, correspondences, claims or other similar documents submitted by or on behalf of any party pertaining to similar claims made before the inception date of Defendant's policy, No. 20184, involving any representative of Plaintiff who allegedly engaged in the sale of unsuitable annuities and/or investments and/or acts similar to the ones alleged in the Wahl arbitration referenced in Plaintiff's Complaint.

Plaintiff served the following response to Request No. 2:

> [Plaintiff] objects to this Request because the words and phrases "similar," "pertaining to," "claim," "representative," "party," "unsuitable" and "acts similar to the ones" as used in this Request are vague and ambiguous therefore complying with this Request would place an undue burden and expense on [Plaintiff]. [Plaintiff] also

---

[2]*See* Def.'s Certificate of Service of Disc. (ECF No. 45).

[3]*See* Pl.'s Certificate of Service (ECF No. 55).

objects that this Request is overly broad, unduly burdensome and vague in that it is not limited to a time frame relevant to this litigation.

[Plaintiff] further objects that this Request seeks documents that are neither relevant to the subject matter involved in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

In response to the motion, Plaintiff reasserts its objections that the request is overly broad, unduly burdensome, vague and ambiguous. It also argues that the documents are not reasonably calculated to lead to the discovery of admissible evidence. Specifically, Plaintiff contends that Defendant's Request seeks documents in support of a newly-asserted defense, which was not set forth in its Answer or its reservation of rights letter, and is therefore waived. The Request therefore seeks documents that are not relevant to a claim or defense in the case.

### A. Whether Request No. 2 is Overly Broad[4], Vague, or Ambiguous

"A party objecting to discovery on the basis of overbreadth must support its objection, unless the request appears overly broad on its face."[5] However, a party's failure to support their unduly burdensome objection is not dispositive of its objection.[6] A request or interrogatory is unduly burdensome on its face if it uses the omnibus term "relating to" or "regarding" with respect to a general category or group of documents.[7] Finally, a party responding to discovery requests should

---

[4] As in this order, courts have used facially "unduly burdensome" and facially "overly broad" interchangeably. *See Payless Shoesource Worldwide, Inc. v. Target Corp.*, Civ. A. No. 05-4023-JAR, 2007 WL 1959194, at *11 (D. Kan. June 29, 2007) (citing *Contracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 666 (D. Kan. 1999)).

[5] *Raytheon Aircraft Corp. v. United States*, Civ. A. No. 05-2328-JWL, 2006 WL 2570545, at *5 (D. Kan. Sept. 5, 2006) (quoting *Cory v. Aztec Steel Bldg., Inc.*, 225 F.R.D. 667, 672 (D. Kan. 2005)).

[6] *Payless Shoesource*, 2007 WL 1959194, at *11.

[7] *Id.* (quoting *Contracom*, 189 F.R.D. at 666).

3

exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in the request.[8]

Plaintiff fails to support its objection that the request is overly broad. The phrase "pertaining to" is similar to "relating to." It could be overly broad on its face, if it requested a general category or group of documents. In this instance the Court does not find it overly broad. The request seeks only documents associated with claims, if any, "involving any representative of Plaintiff who allegedly engaged in the sale of unsuitable annuities and/or investments and/or acts similar to the ones alleged in the Wahl arbitration."

Plaintiff complains that use of the words and phrases "similar claims," "pertaining to," "claim," "representative," "party," "unsuitable," and "acts similar to the ones" makes the request vague and ambiguous and compliance practically impossible. As the party objecting to the discovery, Plaintiff has the burden to show such vagueness or ambiguity.[9] It "must show that more tools beyond mere reason and common sense are necessary to attribute ordinary definitions to terms and phrases utilized."[10]

The Court will address the objections against the entirety of the request and the particular facts of the litigation at hand. In some cases words and phrases like "similar to," "pertaining to," and "relating to" in a request for production can create objectionable ambiguity or uncertainty and an unreasonable burden for the responding party. But the Court does not find that to be true in this instance. A major issue in this case involves 26 claims for which Plaintiff claims sufficient factual

---

[8]*Anderson v. United Parcel Serv., Inc.*, Civ. A. No. 09-2526-KHV-DJW, 2010 WL 4822564, at *5 (D. Kan. Nov. 22, 2010).

[9]*Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 696 (D. Kan. 2007).

[10]*Id.* (internal quotes omitted).

4

similarity to treat them as a single claim under the insurance policy in question. To support that contention Plaintiff draws upon the inclusion of the word "similar" in the policy.[11] In briefing its dispositive motion, Plaintiff describes eight specific characteristics common to all 26 claimants or sets of claimants so as to satisfy the requirement of similarity. Plaintiff itself asserts similarity, moreover, as a material issue in this case. The thrust of the request for production is essentially for documents that directly relate to any "similar claims made before the inception date of Defendant's policy, No. 20184," and are otherwise like those in the Wahl Arbitration. For the these reasons, the Court finds no difficulty in overruling the objections.

### B.  Whether the Discovery Sought is Relevant and Discoverable

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery. It provides that the parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."[12] Relevancy is broadly construed, and a request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.[13] Furthermore, "the touchstone of the relevancy of documents and information requested is not whether the discovery will result in evidence that is, or even may be, admissible at trial, but rather whether the discovery is 'reasonably calculated to lead to the discovery

---

[11]*See* Mem. in Support of Pl.'s Mot. for Summ. J. (ECF No. 69) at 16-18.

[12]Fed. R. Civ. P. 26(b)(1).

[13]*McBride v. Medicalodges, Inc.,* 250 F.R.D. 581, 586 (D. Kan. 2008).

of admissible evidence.'"[14] "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."[15]

When the discovery sought appears relevant, the party resisting it has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[16] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[17] Relevancy determinations are generally made on a case-by-case basis.[18]

The Court finds the request relevant on its face. It appears relevant to whether Plaintiff was covered, and to what extent, under the insurance policy in question. Thus the burden is on Plaintiff to establish the lack of relevance.

Plaintiff argues irrelevancy in that Defendant has waived any defense not asserted in its Answer or included in its reservation of rights letters. Plaintiff argues that New York law controls and settles the question, in that "when an insurer issues a reservation of rights, identifying specific bases for such reservation and failing to identify others, the unasserted coverage defenses are

---

[14]*Id.* (quoting Fed. R. Civ. P. 26(b)(1)).

[15]Fed. R. Civ. P. 26(b)(1).

[16]*Id.; Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[17]*McBride,* 250 F.R.D. at 586.

[18]*Employers Commercial Union Ins. Co. of Am. v. Browning-Ferris Indus. of Kan. City, Inc.*, Civ. A. No. 91-2161-JWL, 1993 WL 210012, at *3 (D. Kan. Apr. 5, 1993).

deemed waived as a matter of law."[19] Plaintiff characterizes Defendant's Request No. 2 to be a request for documents that support new defenses, specifically that the Wahl claimants were part of a larger singular scheme or claims that may have been asserted prior to the policy period. According to Plaintiff, Request No. 2 is thus improper, seeking irrelevant documents.

Defendant argues that Plaintiff's claims that the 26 underlying claims arose from "interrelated wrongful acts" implies a series of connected transactions or occurrences. Evidence of claims similar to those involved in the Wahl Arbitration could suggest that Plaintiff engaged in a pattern of fraudulent or dishonest practices and that the underlying claims did not arise from "interrelated wrongful acts," but rather reflect a propensity to engage in fraudulent, deceptive, or dishonest acts. Evidence of prior claims could demonstrate that the 26 underlying claims were not related by anything other than the involvement of some of the same individuals. Defendant further argues that such evidence would undercut any argument that the 26 underlying claims were part of a single common scheme by showing that wrongful acts giving rise to those claims were routine practice. Defendant also argues that, if the 26 underlying claims prove to arise from "interrelated wrongful acts," it is entitled to know when the first "interrelated wrongful act" occurred in the series.

Defendant answered the complaint and asserted that Plaintiff was subject to every term and condition of the policy.[20] In a letter to Plaintiff dated August 9, 2007, Defendant informed Plaintiff

---

[19]Pl.'s Resp. to Def.'s Mot. to Compel Disc. (ECF No. 66) at 4 (citing *Luria Bros. & Co. v. Alliance Assur. Co.*, 780 F.2d 1082, 1090 (2d Cir. 1986); *Olin Corp. v. Ins. Co. of N. Am.*, No. 84CV1968(TPG), 2006 WL 509779 (S.D.N.Y. March 2, 2006); *TIG Ins. Co. v. Town of Cheektowaga*, 142 F. Supp. 2d 343 (W.D.N.Y. 2000); *New York v. Amro Realty Corp.*, 936 F.2d 1420 (2d Cir. 1991)).

[20]*See* Def. Answer to Pl.'s Compl. (ECF No. 38) at 8.

that "[s]everal different provisions of this policy may apply to preclude coverage for this claim."[21] Included in the letter was the condition requiring that "[s]uch Wrongful Act occurred on or after the Retroactive Date."[22]

> The Pretrial Order shows that Defendant asserts the following defense:
>
> Even if the claims could be considered interrelated, which is specifically denied by [Defendant], those claims relate back to a point in time prior to commencement of the Policy period, and therefore, no coverage would apply.[23]
>
> The Pretrial Order also designates the following as a factual issue:
>
> If the 26 underlying claims are considered "interrelated," do those claims relate back to a scheme which began prior to the commencement of the policy period?[24]

Section 9 of the Pretrial Order also sets forth two issues of law to determine whether or not the defense of "relation back" can be asserted. The Court has not yet determined those issues. At this point they remain relevant for discovery. The Court finds that Plaintiff has not met its burden to show irrelevance of Request No. 2. In support of coverage under the Policy, it contends that the 26 underlying claims in the Wahl arbitration proceedings arose from "interrelated wrongful acts." Defendant is entitled to discovery to determine when the first "interrelated wrongful act" occurred. This information is relevant, because the policy may not afford coverage if Plaintiff had knowledge or reasonable basis upon which to anticipate that the Wrongful Act or any Interrelated Wrongful Act could result in a claim. The Court finds that Request No. 2 is reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the Court overrules the objection of irrelevancy.

---

[21]Pl. Resp. to Def.'s Mot. to Compel Disc. (ECF No. 66) at 3.

[22]*Id.*

[23]Pretrial Order (ECF No. 79), § 7.a.6.

[24]*Id.,* § 8.b.

The Court finds that an award of fees is not appropriate under the circumstances.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Discovery (ECF No. 65) is granted, as set forth herein. Within **thirty (30) days of this Memorandum and Order**, Plaintiff shall further respond and produce all documents responsive to Defendant's Second Request for Production No. 2.

Dated in Kansas City, Kansas on this 25th day of February, 2011

S/ Gerald L. Rushfelt  
Gerald L. Rushfelt  
U.S. Magistrate Judge
