IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BRECEK & YOUNG ADVISORS, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 09-2516-JAR |
| ) | |
| **LLOYDS OF LONDON** ) | |
| **SYNDICATE 2003,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Lloyds of London Syndicate 2003's ("Lloyds") Motion to Alter or Amend (Doc. 106) this Court's October 6, 2011 Memorandum and Order denying Lloyds' motion for summary judgment under Fed. R. Civ. P. 59(e). Plaintiff Brecek & Young Advisors, Inc. ("BYA") has responded to Lloyds' motion and has also filed a Motion to Amend Judgment (Doc. 104), seeking a specific amount of prejudgment interest. As explained more fully below, Lloyds' motion is denied and BYA's motion is granted.

**I.     Background**

Highly summarized, and as set forth in detail in the Court's previous Orders ruling on the parties' various motions for summary judgment, this litigation began as a declaratory judgment action filed by BYA seeking a determination whether claims brought by BYA in the underlying litigation filed in 2007 (the "Wahl Arbitration"), arose out of "Interrelated Wrongful Acts" as defined by the claims-made policy issued to BYA by Lloyds (the "Policy"), such that a single $50,000 "Each Claim" retention would apply. The parties filed cross-motions for summary judgment, and the Court entered it Memorandum and Order dated March 21, 2011, in favor of

BYA,[1] concluding that the twenty-six claims in the Wahl Arbitration arose out of "Interrelated Wrongful Acts."

Lloyds then asserted, in a Supplemental Motion for Summary Judgment, that the Wahl Arbitration involved "Interrelated Wrongful Acts" with two earlier claims that arose before the inception of the Lloyds' Policy, the "Knotts Lawsuit" and the "Colaner Arbitration." Lloyds asserted that "[e]ven if the [Wahl] claims could be considered interrelated, which is specifically denied by Lloyds, those claims relate back to a point in time prior to the commencement to the Policy period, and therefore, no coverage would apply."

The Court denied Lloyds' Supplemental Motion for Summary Judgment and entered an Amended Judgment on October 7, 2011, awarding BYA $931,879.59 in damages plus prejudgment interests and costs. On November 3, 2011, BYA submitted its Motion to Amend the Judgment to specify the amount of prejudgment interest to be awarded. Lloyds then filed this Motion to Alter or Amend Judgment, asking the Court to enter summary judgment in its favor.

## II.   Discussion

### A.   Lloyds' Motion to Alter or Amend

A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[2] Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal

---

[1] Doc. 89.

[2] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

2

theories or facts that could have been raised earlier.[3]

Lloyds argues that the Court should alter or amend its judgment and enter summary judgment in favor of Lloyds to correct "clear error and prevent manifest injustice." In its Order granting BYA summary judgment on the Wahl Arbitration claims, the Court based its decision on those claims being interrelated because they shared a "common factual nexus." Lloyds argued that if the twenty-six Wahl Arbitration claims are interrelated to one another in that they share a common factual nexus, those claims must necessarily be interrelated to any other claim made against BYA that also shares the same common factual nexus. Lloyds argued that because the Wahl Arbitration claims were interrelated to the two earlier claims, the Knotts Lawsuit and the Colaner Arbitration, they are all considered to be a single claim first made prior to the inception of the policy period, and thus, no coverage is available under the Policy for the Wahl claims.

In support of its motion to alter or amend, Lloyds asserts that the Court's determination that the Wahl claims were not interrelated with the Knotts and Colaner claims is unsupported by the evidence previously presented, resulting in contradictory orders. The Court disagrees. In rejecting Lloyds' all-or-nothing argument, the Court specifically addressed this issue, explaining,

> [t]he Knotts and Colaner Arbitrations do not allege that the same individual respondents acted as a team or that there was any common scheme or plan. While Lloyds attempts to minimize this distinction, the Court finds it significant; otherwise, *any* claim involving the sale of unsuitable securities involving fraud, misrepresentation or failure to supervise that arose prior to the Lloyds' Policy Period would be deemed interrelated.[4]

---

[3] *Servants*, 204 F.3d at 1012; *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

[4] Doc. 100 (emphasis in the original).

Thus, Lloyds simply continues to make the same arguments previously brought before the Court in its supplemental motion for summary judgment. This rehash of arguments previously considered and rejected by the Court is not a proper function of a motion to alter or amend, and the Court declines to address these issues yet again. The Court analyzed this issue and applied the relevant law to the facts of this case. That Lloyds disagrees with the Court's findings of fact does not demonstrate clear error or manifest injustice. Accordingly, Lloyds' motion is denied.

### B. BYA's Motion to Amend

On October 7, 2011, the Court entered its Amended Judgment in this matter, awarding BYA $931,879.59 in damages, plus prejudgment interest and costs.[5] The Court did not specify an amount owed BYA for prejudgment interest, and BYA seeks to amend the judgment to be calculated from the date it first exhausted the $50,000 retention under the Policy to October 7, 2011, at a rate of 9% per annum, per applicable New York law.[6] BYA calculates that the amount owed by Lloyds for prejudgment interest is $232,682.14. BYA also requests the Court amend the judgment to specify the amount due is $931,859.59, as there was a typographical error in the Complaint that was perpetuated through the Amended Judgment. BYA attaches as an exhibit a detailed spreadsheet of its prejudgment interest calculation.[7]

Other than filing its own Rule 59(e) motion to alter or amend on substantive grounds, Lloyds did not file a response to BYA's motion to alter judgment and the time to do so has

---

[5] Doc. 103.

[6] *See Aerotech Res., Inc. v. Dodson Aviation, Inc.*, 191 F. Supp. 2d 1209, 1217 (D. Kan. 2002) (holding "[p]rejudgment interest in a diversity action is governed by state law."). The parties have agreed that New York substantive law applies to this action, and the Court has confirmed the same. Docs. 79, 100.

[7] Doc. 105, Ex. A.

4

expired.[8]  Under D. Kan. R. 7.4,

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

As a result of Lloyds' failure to respond, the Court grants BYA's motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Alter or Amend Judgment (Doc. 106) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Judgment (Doc. 104) is GRANTED.  The clerk shall enter forthwith a Second Amended Judgment to specify the amount owed BYA by Lloyds is **$931,859.59, plus prejudgment interest in the amount of $223,682.14, plus costs.**

**IT IS SO ORDERED.**

Dated: December 15, 2011

                                               S/ Julie A. Robinson
                                               JULIE A. ROBINSON
                                               UNITED STATES DISTRICT JUDGE

---

[8] *See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-one days).