IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRECEK & YOUNG ADVISORS, INC.,       )
                                     )
            Plaintiff,               )
                                     )
      v.                             )          Case No. 09-2516-JAR
                                     )
LLOYDS OF LONDON                     )
SYNDICATE 2003,                      )
                                     )
            Defendant.               )
_____      )

## MEMORANDUM AND ORDER

This matter is before the Court on two motions filed by Defendant Lloyds of London

Syndicate 2003 ("Lloyds"): Motion to Dismiss for Failure to State a Claim (Doc. 176 ), and

Motion for Extension of Time to Designate Experts (Doc. 172).  For the reasons explained

below, the Court denies Lloyds' Motion to Dismiss and grants additional time to designate

expert.

I.      **Background**

On August 9, 2013, the Tenth Circuit Court of Appeals issued its mandate reversing this

Court's entry of summary judgment in favor of Plaintiff Brecek & Young Advisors, Inc.

("BYA") against Lloyds arising out of a professional liability insurance contract, and remanding

for further proceedings in accordance with its order.[1]  The Court held a status conference on

September 4, 2013, and after hearing statements from counsel, granted the parties' request for

additional discovery and briefing.[2]  Per the scheduling order, BYA filed a motion for summary

_____

[1] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate 2003*, 715 F.3d 1237 (10th Cir. 2013).

[2] Doc. 126.

judgment setting out its position on remand; Lloyds was given the opportunity to respond and, if appropriate, file a cross-motion for summary judgment and extend the discovery deadline.[3] Lloyds responded to BYA's motion, but did not move for cross-summary judgment.

On September 30, 2014, this Court denied Plaintiff's Motion for Summary Judgment on remand and Defendant's Motion for Leave to File Third Party Complaint (Doc. 152).  In that Order, the Court laid out the parameters of the Tenth Circuit's order, specifically the law of the case and the mandate before it on remand.  The Court found that the mandate must be read narrowly, and within the context of the New York law cited by the Circuit—that Lloyds is estopped from denying coverage, not that it was estopped from raising the relation-back defense. The Court held that the mandate compels it to make the determination on remand of whether, at the time of settlement of the Wahl Arbitration, Lloyds' erroneous representation that the twenty-six Wahl claims were not interrelated under the Policy negates any additional claim of detrimental reliance on the part of BYA.  The Court held that consideration of this issue raised a material question of fact regarding detrimental reliance and additional damages beyond the $385,000 already paid by Lloyds, and accordingly, Plaintiff's motion for summary judgment was denied.

The Court held a second telephone status conference on October 15, 2014.  After hearing statements of counsel, the Court denied BYA's request to file a second motion for summary judgment.  After counsel for Lloyds stated he did not intend to file a motion for summary judgment given the factual issues remaining, the Court granted Lloyds' request for additional discovery, set deadlines for discovery and motions, and scheduled a bench trial to start February

---

[3] *Id.*

2

24, 2015.[4]

Lloyds then sought discovery from three non-party attorneys and a law firm regarding the underlying arbitration settlements: Jeff Jamieson, who was hired by Lloyds to represent Plaintiff in the Wahl Arbitration and also hired by Fireman's Fund to represent Plaintiff in the Knots and Colander Arbitrations; Husch Blackwell, Jamieson's former law firm; and Natalie Haag, former Assistant General Counsel for Security Benefit, the parent company of Plaintiff at the time of the Wahl Arbitration.  Plaintiff and the non-parties objected on the basis of attorney-client privilege, and Lloyds moved to compel on the grounds that Plaintiff waived the privilege by placing its legal representation at issue.[5]  BYA responded that it did not waive the privilege because it is not questioning the manner or sufficiency of its legal representation, nor does it contend that Lloyds' representation caused it to instruct Mr. Jamieson to alter his defense strategies with regard to the Wahl settlement.  At a hearing on the motion to compel, the parties then agreed that the information sought by Lloyds has no relevance to the narrow issue remaining before the Court, and the motion was denied.  The Court deferred ruling on Lloyds' motion to dismiss and motion for extension of time to designate experts while the parties discussed the need for a bench trial and possible settlement conference.  The parties have now briefed those motions, which the Court discusses in turn.

II.     **Discussion**

    A.     **Motion to Dismiss**

---

[4]Doc. 155.

[5]Doc. 160.

Lloyds uses BYA's statement of its theory of recovery as the basis of its motion to dismiss, arguing that these "admissions" render BYA's claim for additional damages based on detrimental reliance legally insufficient and subject to dismissal or judgment on the pleadings for failure to state a claim.  The Court disagrees.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[6]  Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[7]  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.[8]  As the Supreme Court recently explained, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders 'naked assertions]' devoid of 'further factual enhancement.'"[9]  Additionally, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

---

[6]*Bell Atl. Corp v. Twombly*, 550 U.S 544, 554 (2007).

[7]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[8]*Robbins v. Oklahoma,* 519 F.3d 1242, 1247-48 (10th Cir. 2008).  "'Plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Id.* (internal citations omitted).

[9]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

4

for the misconduct alleged."[10]  A motion for judgment on the pleadings under Rule 12(c) is governed by the same standards as a motion to dismiss under Rule 12(b)(6).[11]

Here, the "claim" that Lloyds seeks to dismiss is BYA's claim for additional damages as a result of BYA's detrimental reliance upon Lloyds' representations of coverage.  This claim is before the Court on remand from the Tenth Circuit; there is no complaint before the Court, only the Tenth Circuit mandate.  Thus, the Court agrees with BYA that under these circumstances, a Rule 12(b)(6) or (c) motion is procedurally improper.  Moreover, after remand, Lloyds opted not to file a cross-motion for summary judgment, or a motion for summary judgment after the Court denied BYA's motion.  Indeed, Lloyds vigorously objected to BYA's motion for summary judgment on the grounds that there were material questions of fact left to be resolved at the bench trial.

In its response, BYA stresses that from the time Lloyds first raised its relation-back defense in the underlying pleadings, it has asserted that Lloyds must be estopped from denying full coverage for Wahl as a single, interrelated claim because Lloyds' representations and conduct caused BYA not to pursue other coverage from Fireman's Fund and prejudiced BYA's coverage rights with respect to the FFIC Policy.  It remains BYA's burden to prove additional damages based on detrimental reliance beyond the approximate $380,000 affirmed by the Tenth Circuit.  BYA contends that Lloyds misconstrues BYA's satisfaction with Mr. Jamieson's handling of BYA's defense in the underlying arbitrations as an admission that "the defense and ultimate resolution of Wahl would [not] have been any different [absent Lloyds'

---

[10]*Id.*

[11]*See Atl. Richfield Co. v. Farm Credit Bank*, 226 F.3d 1138, 1160 (10th Cir. 2000).

representations]."  BYA counters, however, that it is arguing the opposite—the defense and resolution of Wahl would have been different but for Lloyds' representations about interrelatedness.  Similarly, BYA argues that Lloyds' later representation that each of the twenty-six claimants in the Wahl Arbitration was a separate claim under the Policy did not negate BYA's reliance, as that representation was consistent with Lloyds' claim that Wahl did not relate to Colander.  Although BYA does not intend to prove this detrimental reliance via testimony about Mr. Jamieson's representation, counsel has represented that BYA is prepared to put on decision-maker evidence that was not in the record before the Court at the summary judgment stage.  Accordingly, Lloyds' motion is denied.[12]

### B.      Motion for Extension of Time to Designate Expert

Lloyds also moves for an extension of time to designate an expert, specifically Gerald Haake, a purported expert in the field of insurance brokerage.  BYA objects on the grounds that Lloyds' request was made after the deadline to act has passed, without the requisite showing of excusable neglect.  BYA further objects on the grounds that Haake's testimony is neither reliable nor relevant to the question on remand.

Under Fed. R. Civ. P. 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705."  Such disclosures are due at the time and in the sequence set by the court; absent a stipulation or a court order, the disclosure must be made at least 90 days before the date set for trial.[13]  Because the Court's Order setting forth a summary of deadlines and trial settings did not

---

[12]The Court notes that both parties will have the opportunity to submit proposed findings of fact and conclusions of law 28 days after trial.  Doc. 155.

[13]Fed. R. Civ. P. 26(a)(2)(D).

specifically set a deadline for expert disclosure, expert designations were ostensibly due by November 24, 2014, or 90 days before the bench trial.[14]  The purpose of the disclosures is to "ensure opposing parties have a reasonable opportunity to prepare an effective cross examination and, if needed, retain their own "expert."[15]

Lloyds concedes that its proposed disclosure is out of time.  The court may extend the time to act after the deadline has passed if the party "failed to act because of excusable neglect."[16]  Excusable neglect is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant.[17]  On the other hand, "inadvertence, ignorance of the rules, or mistakes concerning the rules do not usually constitute 'excusable neglect.'"[18]  The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[19]  Perhaps the single most important factor in determining whether neglect is excusable is fault in

---

[14]*Id.*; Doc. 155.

[15]*Smith v. Wheatland Elec. Co-op, Inc.*, No.10-1237-KGG, 2012 WL 3143868, at *1 (D. Kan. Aug. 2, 2012) (quoting *Hogdon Power Co. v. Alliant Techsystems, Inc.*, No. 06-2100-CM, 2007 WL 3228822, at *1 (D. Kan. Oct. 23, 2007)).

[16]Fed. R. Civ. P. 6(b)(1)(B); D. Kan. Rule 6.1(a).

[17]*Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 391–92 (1993).

[18]*Id.* at 392.

[19]*Id.* at 394–95; *see also Bishop v. Corsentino*, 371 F.3d 1203, 1206–07 (10th Cir. 2004).

the delay.[20]  Further, "[a] court may take into account whether the mistake was a single

unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay), and whether

the attorney attempted to correct his action promptly after discovering the mistake."[21]  "'[A]

mistake . . . could occur in any [attorney's] office, no matter how well run.'"[22]

Lloyds filed its motion on December 22, 2014, over two months after the Court entered

an order granting Lloyds' request for discovery and establishing deadlines related to the bench

trial, and nearly three months after the Court denied BYA's Motion for Summary Judgment.  In

urging the designation of Mr. Haake as an expert witness at this time, Lloyds points to the lack

of a new pretrial order and Rule 26 disclosures since the remand.  Lloyds also asserts that in

conducting discovery in preparation for the February bench trial, it "has determined that it is

necessary to present expert testimony as part of its defense," and that it did not determine the

need for an expert until after November 24, 2014.

As Lloyds acknowledges, Rule 26(a)(2)(D) requires disclosure of experts 90 days before

trial absent a court order setting a different deadline.  The parties did not discuss the need for

Rule 26 or expert disclosures at the status conference held in October after the entry of summary

judgment.  Instead, the Court set a brief period of additional discovery, with a deadline of

January 16, 2015 and a bench trial to follow on February 24, 2015.  Given the expedited nature

of this matter, as well as the fact that it will be heard by the Court at a bench trial, the Court finds

that Lloyds' failure to designate an expert by November 24, 2014 was because of excusable

---

[20]*Jennings v. Rivers*, 394 F.3d 850, 856 n.5 (10th Cir. 2005) (citing *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004)).

[21]*Id.* (citing *Hancock v. Okla. City*, 857 F.2d 1394, 1396 (10th Cir. 1988)).

[22]*Id.* (quoting *Hancock*, 857 F.2d at 1396).

neglect.  Accordingly, Lloyds' motion for additional time to designate an expert is granted.  The Court will also grant BYA additional time to depose Mr. Haake beyond the January 16, 2015 discovery deadline.

In so ruling the Court notes that it shares BYA's concern over the relevance of Mr. Haake's testimony.  As the Court discussed in its order denying summary judgment, the Tenth Circuit's mandate requires this Court to determine the narrow issue of "whether BYA is entitled to any additional recovery [beyond the $385,000 already paid by Lloyds]" and in doing so, this Court "must consider the extent to which BYA detrimentally relied on Lloyds' representations, if at all."[23]  BYA argues that Mr. Haake's opinion has no bearing on the extent to which BYA detrimentally relied upon Lloyds' representations.  Lloyds contends that Haake's opinion directly relates to the degree to which BYA reasonably relied on Lloyds' representations, and requires an understanding of the inner workings of the insurance industry.  Because the motion before the Court only seeks leave to designate the expert witness, however, the Court does not address the admission of his testimony at this time, and will set the matter for a hearing *in limine* on February 24, 2015, prior to the bench trial.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc. 176) is DENIED;

**IT IS FURTHER ORDERED** that Defendant's Motion for Extension of Time to Designate Expert Witness (Doc. 172) is GRANTED; Plaintiff shall be granted additional time to depose the expert witness, and a hearing *in limine* shall be set for February 24, 2015, prior to commencement of the bench trial.

---

[23]*Brecek*, 715 F.3d at  24–25.

9

**IT IS SO ORDERED.**

Dated: February 2, 2015

                                                        S/ Julie A. Robinson

                                                 JULIE A. ROBINSON

                                                 UNITED STATES DISTRICT JUDGE