IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRECEK & YOUNG ADVISORS, INC., )
)
         Plaintiff, )
)
v. )    Case No. 09-2516-JAR
)
LLOYDS OF LONDON )
SYNDICATE 2003, )
)
         Defendant. )
)

**MEMORANDUM AND ORDER**

On July 10, 2015, this Court entered its Memorandum and Order awarding Plaintiff Brecek & Young Advisors, Inc. ("BYA") damages in the amount of $931,859.59 and deferring ruling on BYA's request for prejudgment interest pending further briefing on the issue (Doc. 217). BYA subsequently filed a Motion for Prejudgment Interest (Doc. 218) and Defendant Lloyds of London Syndicate 2003 ("Lloyds") has responded (Doc. 220). The matter has been fully briefed, and the Court is prepared to rule. For the reasons detailed as follows, the Court grants BYA's motion.

*Applicable Law*

As acknowledged in the Court's July 10, 2015 Order, prejudgment interest in a diversity action such as this is a substantive matter governed by state law.[1] The Policy issued to BYA provided for the application of New York substantive law; the parties have agreed that New York substantive law applies to this action, and the Court has confirmed the same.

New York law provides three distinct periods for interest on sums awarded by verdict,

---

[1] *Aerotect Res., Inc. v. Dodson Aviation, Inc.*, 191 F. Supp. 2d 1209, 1217 (D. Kan. 2002).

report or decision: prejudgment interest, interest on the verdict or decision until judgment, and postjudgment interest.[2]  NY CPLR § 5001(a) states:

> Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion.[3]

Thus, under § 5001(a), in a breach of contract action, the prevailing party is entitled to prejudgment interest on its damages "as a matter of right."[4]  In a breach of contract action, § 5004 establishes a default prejudgment interest rate of 9% per year, subject to the right of the parties to agree, by contract, to a different rate.[5]  By contrast, in an equitable action, § 5001(a) gives the court discretion to select a fair prejudgment interest rate.[6]  In either circumstance, prejudgment interest runs from "the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred."[7]

*Discussion*

The Court incorporates by reference its Orders issued on remand, which set forth in detail the procedural history and facts underlying this action.[8]  While the parties agree that NY CPLR §

---

[2] NY CPLR §§ 5001–5003.

[3] *Id.* at § 5001(a).

[4] *Chesapeake Energy Corp. v. Bank of New York Mellon Trust Co., N.A.*, No. 13 Civ. 1582(PEA), 2015 WL 4191419, at *17 (S.D.N.Y. July 10, 2015) (quoting *U.S. Naval Inst. v. Charter Commc'ns, Inc.*, 936 F.2d 692, 698 (2d Cir. 1991)).

[5] *Id.*

[6] *Id.* (citing *Bank of New York Trust Co., N.A. v. Franklin Advisers, Inc.*, 726 F.3d 269, 282 (2d Cir. 2013)).

[7] NY CPLR § 5001(b).

[8] Docs. 152, 217.

5001(a) controls the Court's decision whether to award prejudgment interest, they disagree on the nature of the award: BYA contends that such an award is mandatory, as BYA's claim against Lloyds was a legal claim seeking money damages for breach of contract, while Lloyds counters that the Court's award of damages to BYA on remand is wholly equitable, as it was based on equitable estoppel.

As the parties are well aware, this Court originally granted BYA summary judgment on its breach of contract claim against Lloyds; the Court denied Lloyds summary judgment on its relation-back defense. On appeal, however, the Tenth Circuit determined that proper coverage for the Wahl Arbitration lies with Fireman's Fund, not Lloyds, because that claim related back to the Colaner and Knotts claims. The Tenth Circuit reversed this Court's holding on BYA's argument that Lloyds was estopped from denying coverage under New York law, and remanded for this Court to determine whether BYA detrimentally relied on Lloyds' representations and is entitle to additional recovery beyond the $385,000 Lloyds has already paid. After a bench trial, this Court found that BYA is entitled to recovery in the form of reimbursement from Lloyds of all funds BYA paid to defend and settle the Wahl arbitration, minus a single $50,000 retention, with credit for approximately $385,000 previously paid by Lloyds.[9] The Court found that BYA reasonably and detrimentally relied on Lloyds' representations up to and at the time of the Wahl settlement that Lloyds would provide coverage for the Wahl Arbitration, subject only to a dispute about the number of applicable retentions, and that those representations caused BYA to forego other available coverage from Fireman's Fund. Accordingly, the Court found that Lloyds is estopped from denying full coverage of Wahl as a single claim, and BYA is entitled to

---

[9]Doc. 217 at 30.

reimbursement of $931,859.59.

BYA argues that the fact that the Tenth Circuit and this Court, on remand, focused on whether Lloyds was estopped from denying coverage under the Policy does not change the nature of BYA's claims from legal to equitable. BYA's Complaint asserted two causes of action against Lloyds to recover under the Policy: breach of contract and declaratory judgment. Lloyds originally defended that action on the grounds that the Wahl claim was not a single claim, but twenty-six claims with applicable retentions; when the Court ruled in BYA's favor on that issue, Lloyds asserted the relation-back defense, arguing that if the Wahl claim was one claim, then it related back to the Knotts and Colaner claims and was thus outside the coverage of the Lloyds Policy. The Court again ruled in favor of BYA on the relation back defense, but held that BYA had not established prejudice on its claim that Lloyds was estopped from denying coverage.

On appeal, Lloyds dropped the issue of whether the Wahl Arbitration was twenty-six claims, focusing instead on this Court's ruling that the relation-back defense did not apply. The Tenth Circuit agreed with Lloyds, and held that the Wahl Arbitration did in fact relate back to Knotts and Colaner, and thus was not covered by the Lloyds Policy. The Tenth Circuit further held, however, that Lloyds was estopped from denying at least the $385,000 it promised to pay as part to the Wahl Settlement, and remanded for this Court to consider whether BYA was entitled to further damages stemming from detrimental reliance on Lloyds' representations. Thus, the Tenth Circuit effectively held that Lloyds did not breach the Lloyds Policy, but that Lloyds was estopped from denying coverage, and BYA was entitled to recover at least $385,000, with this Court to determine additional recovery, if any.

BYA maintains that while the ruling that Lloyds was estopped from denying coverage

has "equitable underpinnings," the only relief BYA seeks is compensatory damages on its breach of insurance policy claim. Where money damages afford a full and complete remedy, the action is one at law instead of equity.[10] BYA contends that the damages it sought and were eventually awarded were based on the terms of Lloyds Policy for the defense and indemnity of the Wahl Arbitration. But BYA overlooks the fact that it raised the issue of estoppel in the underlying proceedings before this Court and on appeal. As the Tenth Circuit held, and this Court then determined on remand, BYA's recovery on its breach of contract cause of action is now set upon equitable principles.

New York courts have stated that "[t]he policy . . . of section [5001] is to facilitate the award of interest and, . . . [that] 'the equity clause should not become a source of sterile controversy over the classification of causes of action.'"[11] Thus, The Court does not resolve the issue because even if BYA's claim is based in equity instead of contract, BYA is entitled to a discretionary award of prejudgment interest. In determining whether such an award is appropriate, the court should consider: (1) "the need to fully compensate the wronged party for actual damages suffered," (2) "considerations of fairness and the relative equities of the award," (3) "the remedial purpose of the statute involved," and/or (4) "such other general principles as

---

[10]*See Lewis v. S.L. & E., Inc.*, 831 F.2d 37, 39 (2d Cir. 1987) ("[E]ven on a claim with equitable underpinnings, such as one for breach of fiduciary duty, [the statutory rate of] prejudgment interest would be mandatory where the only relief sought was compensatory damages."); *Cadwalader Wichersham & Taft v. Spinale*, 576 N.Y.S.2d 24, 25 (N.Y. App. Div. 1991) (explaining although claimant sought an accounting, the primary demand was for money and, therefore, the action was legal, not equitable); *Arrow Commc'n Lab., Inc. v. Pico Prods., Inc.*, 219 A.D.2d 859, 860 (N.Y. App. Div. 1995) (holding an action is one in law rather than equity, "if a 'sum of money alone can provide full relief to the plaintiff.") (citations omitted)).

[11]*United Bank Ltd. v. Cosmic Int'l, Inc.*, 542 F.2d 868, 878 (2d Cir. 1976) (quoting *Spector v. Mermelstein*, 485 F.2d 474, 481 (2d Cir. 1973)).

are deemed relevant by the court."[12]  The court must keep in mind that "[t]he underlying purpose of prejudgment interest . . . is the need to fully compensate the wronged party for actual damages suffered, *i.e.*, to make him whole."[13]

In this case, the damages awarded BYA are for amounts paid by BYA for defense and indemnity related to the March 2009 Wahl Arbitration Settlement.  It is apparent that BYA has suffered an economic injury—it was deprived of money it would have otherwise been reimbursed but for the actions of Lloyds, who has had use of the funds for more than six years.  As detailed in the Court's July 10 Order, BYA did everything it was supposed to do to recover under the Lloyds Policy; it was Lloyds' eleventh-hour assertion of a new coverage defense, its ultimately unsuccessful appeal, and its position on remand that BYA's reliance on Lloyds' representations was not reasonable that has caused BYA significant delay in receiving the amounts due under the Lloyds Policy.  The amount awarded BYA on remand mirrors the amount previously awarded by this Court in 2011 on BYA's breach of contract claim.  Accordingly, the Court disagrees with Lloyds' assertion that the prejudgment interest requested by BYA would result in overcompensation, and finds that an award of prejudgment interest at the statutory rate of 9% per annum is appropriate under New York law in order to make BYA whole.[14]

Finally, Lloyds urges that if prejudgment interest is due, it should be limited to the amount of interest previously awarded by the Court in its second amended judgment in this case

---

[12]*Sulkowaska v. City of New York*, 170 F. Supp. 2d 359, 371 (S.D.N.Y. 2001) (citing *Gierlinger v. Gleason*, 160 F.3d 858, 873 (2d Cir. 1998)) (discussing discretionary award of prejudgment interest in a section 1983 suit).

[13]*Id*. (quoting *Thomas v. City of Mt. Vernon*, No. 89 Civ. 0552, 1992 WL 84560, at *3 (S.D.N.Y. Apr. 10, 1992)).

[14]The Court declines BYA's invitation to exercise its discretion to increase the statutorily mandated 9% interest rate.

entered in December 2011: $223,682.14.[15]  Lloyds asserts that the present action arose from a "good faith disagreement" regarding the extent of coverage under the Policy, and its "good faith actions" should be taken into account in determining the interest award.  Lloyds argues that a lesser award of prejudgment interest is appropriate because rightful coverage lies with Fireman's Fund.  The Court is not persuaded.  Whether the Wahl Claim should have been paid under the Lloyds or Fireman's Fund Policy is irrelevant—the Tenth Circuit determined that BYA had established prejudice such that Lloyds was estopped from denying coverage under the Policy.  Key to that determination was the court's finding that once Lloyds settled the Wahl Arbitration, BYA was prejudiced because it could not reverse the character and strategy of the defense to allow Fireman's Fund to defend it and participate in the settlement.  Thus, Lloyds is solely responsible to BYA for damages in this lawsuit, and BYA's economic loss has been compounded by the six year delay it has weathered.[16]

BYA has calculated prejudgment interest beginning February 7, 2008, the date BYA's defense expenses first exceeded the $50,000 retention in this matter, and separately thereafter for various expenses as they were incurred.  The interest calculation is detailed in BYA's Exhibit A, with total accrued interest at $551,109.51 through September 1, 2015, and accruing in the amount of $229.77 per day thereafter until the Court enters judgment.[17]  Notably, the prejudgment interest amount requested by BYA was calculated using the same interest rate and

---

[15]Doc. 113.

[16]Notably, BYA informs the Court that Lloyds has filed suit against Fireman's Fund alleging that it should be liable to Lloyds to the same extent that Lloyds is or may be liable to BYA. *Lloyds of London Syndicate 2003 v. Fireman's Fund Ins. Co. of Ohio*, No. 15-cv-2681-DDC-GLR.  Thus, Lloyds' claim that the amount of prejudgment interest due BYA should be reduced is belied by the fact that it is pursuing Fireman's Fund for contribution.

[17]Doc. 219, Ex. A.

methodology currently employed by BYA in the pending motion, which Lloyds does not dispute. Accordingly, the Court determines that BYA is entitled to prejudgment interest on the damage award in the amount of $551,109.51 through September 1, 2015, plus $229.77 per day thereafter.

**IT IS THEREFORE ORDERED BY THE COURT** that BYA's Motion for Prejudgment Interest (Doc. 218) is GRANTED; the Court will enter Judgment consistent with this Order.

**IT IS SO ORDERED.**

Dated: October 6, 2015

                                           S/ Julie A. Robinson

                                           JULIE A. ROBINSON

                                           UNITED STATES DISTRICT JUDGE